**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIE MENDEZ

Petitioner,

v. CASE NO. 8:14-CV-1413-T-30TBM
CRIM. CASE NO. 8:06-CR-515-T-30TBM

UNITED STATES OF AMERICA,

Respondent.
_______________________________/

**ORDER**

BEFORE THE COURT is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 motion") (CV Dkts. 1, 2). After conducting the review required by Rule 4(b), Rules Governing Section 2255 Proceedings,[1] it is apparent that the Section 2255 motion is due to be summarily dismissed because it plainly appears from the Section 2255 motion and record of prior proceedings that the Section 2255 motion is time-barred. *Murphy v. United States*, 634 F.3d 1303, 1306 n.8 (11th Cir. 2011).

**PROCEDURAL BACKGROUND**

On April 24, 2007, Petitioner pleaded guilty pursuant to a written plea agreement to Count One of the Indictment which charged Petitioner with felon in possession of firearms and ammunition

[1] Rule 4(b) provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

(CR Dkts. 31, 41, 56). On September 5, 2007, Petitioner was sentenced to one hundred three (103) months of imprisonment to be followed by three years of supervised release (CR Dkt. 120).[2]

Petitioner did not file a direct appeal. Petitioner signed his Section 2255 motion on June 5, 2014 (CV Dkt. 1 at docket p. 12). Relying on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), Petitioner challenges the sentence he received for violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## DISCUSSION

I. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

[2]The original judgment erroneously reflected that Petitioner was sentenced to 120 months imprisonment rather than 103 months imprisonment (see CR Dkt. 98).

The Amended Judgment in Petitioner's criminal case was entered on October 27, 2008 (CR Dkt.120). Because Petitioner did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) ten business days later on November 10, 2008, when the time for filing an appeal expired. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999). Petitioner therefore had one year from that date, November 10, 2009, to file his Section 2255 motion. He did not file the Section 2255 motion until June 5, 2014, more than four years after the limitation period expired.[3] Consequently, Petitioner's Section 2255 motion is untimely under Section 2255(f)(1).

Apparently recognizing the untimeliness of his Section 2255 motion under 2255(f)(1), Petitioner appears to argue entitlement to a delayed start of the one-year limitation under 28 U.S.C. § 2255(f)(3) based upon rights newly recognized by the Supreme Court in *Alleyne*. Nevertheless, Petitioner cannot avail himself of a delayed start under Section 2255(f)(3) because *Alleyne* does not apply retroactively to cases on collateral review. *See Chester v. Warden*, 2014 U.S. App. LEXIS 611, 2014 WL 104150, *4 (11th Cir. Jan. 13, 2014) ("*Alleyne*'s rule does not apply retroactively on collateral review.") (citations omitted).[4]

Because Petitioner cannot avail himself of a delayed start to the one-year limitation under § 2255(f) (3), his Section 2255 motion is untimely, precluding federal review absent a demonstration

---

[3]For timeliness purposes, the court considers Petitioner's Section 2255 motion filed on the day that he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a pro se prisoner's Section 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing which, absent contrary evidence, is presumed to be the date the prisoner signed the motion).

[4]It appears that as of this date, every other federal court of appeals to decide the issue agrees that *Alleyne* is not retroactive to cases on collateral review. *See United States v. Winkelman,* 746 F.3d 134, 136 (3d Cir. 2014)*; In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); *United States v. Redd,* 735 F.3d 88, 91-92 (2d Cir. 2013); *Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013).

of equitable tolling.[5] Petitioner does not allege or show entitlement to equitable tolling.

For the reasons indicated above, the alternative commencement dates provided by § 2255(f)(3) or by application of equitable tolling do not apply in Petitioner's case. Consequently, the timeliness of Petitioner's Section 2255 motion is calculated from November 10, 2008, the date that his conviction became final. See 28 U.S.C. § 2255(f)(1). Petitioner's Section 2255 motion, filed on June 5, 2014, is untimely, precluding federal review.

II. Fundamental Miscarriage of Justice

Petitioner appears to contend that even if his Section 2255 motion is time-barred, he is entitled to review of his claim because his sentence constitutes a "miscarriage of justice." Review of an untimely Section 2255 motion is appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). *See also, McQuiggin v. Perkins*, U.S. , 133 S. Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). Actual innocence applies when a petitioner is factually innocent of the crime for which he is incarcerated. *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

[5]To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner neither alleges nor presents evidence establishing that he is factually innocent of the charge to which he pleaded guilty in his criminal case.[6] His claim of legal innocence of the enhanced sentence does not satisfy the actual innocence exception to the time-bar. *See Goodloe v. United States*, 448 Fed. Appx. 980, 2011 U.S. App. LEXIS 24739, 2011 WL 6156843 at *1 (11th Cir. Dec. 13, 2011) ("[T]he actual innocence exception requires factual innocence, not mere legal innocence, and enhanced sentencing is a matter of legal, not factual, innocence."); *Hill v. United States*, 2014 U.S. App. LEXIS 6216, at *6 (11th Cir. Apr. 4, 2014) ("Hill cannot satisfy the actual-innocence exception to the procedural bar because he argued only that he was legally innocent of a violent felony (battery on a law enforcement officer is not a violent felony under the ACCA), not that he was factually innocent of the crime of battery on a law enforcement officer."). Accordingly, Petitioner cannot satisfy the actual innocence exception to lift the procedural bar caused by his failure to timely file his Section 2255 motion.

III. Merits

Even if the Section 2255 motion were not time-barred, it would fail for lack of merit. Petitioner's claim relies on *Alleyne*, which does not apply to his case. In *Alleyne*, the Supreme Court held that "any fact that increases [a] mandatory minimum [sentence] is an 'element' that must be submitted to the jury." 133 S.Ct. at 2155.

Petitioner does not contend that he was subjected to a mandatory minimum sentence that was increased due to judicial fact-finding. Rather, he argues that this Court's calculation of his base

[6]Petitioner does not dispute that he was in possession of the firearms and ammunition.

offense level violated *Alleyne* because it constituted judicial fact-finding, under a preponderance-of-the-evidence standard, of an offense element that was not alleged in the Indictment and proved beyond a reasonable doubt (CV Dkt. 2). *Alleyne* is therefore inapplicable to Petitioner's case because the fact-finding affected only Petitioner's sentencing guidelines range and did not increase a mandatory minimum sentence.[7] *See, e.g., United States v. Benn*, 2014 U.S. App. LEXIS 9441, at *32-33 (4th Cir. May 21, 2014) (unpublished) (*Alleyne* has no application to fact-finding resulting in an increased guidelines sentence) (citations omitted); *United States v. Son*, 553 Fed. Appx. 949, (11th Cir. Feb. 3, 2014) (unpublished) ("Accordingly, a district court may enhance a sentence based upon judicial fact-finding so long as its findings do not increase the statutory maximum or minimum authorized by facts determined in a guilty plea or jury verdict.").

Accordingly, it is **ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkts. 1, 2) is **DISMISSED** as time-barred.

2. The **Clerk** shall terminate all pending motions, close this case, and terminate from pending status the Section 2255 motion (CR Dkts. 121, 122) filed in the corresponding criminal case number 8:06-CR-515-T-30TBM.

---

[7] "The offense of being a felon in possession carries a maximum term of imprisonment of ten years, with no mandatory minimum." *United States v. Bennett*, 2008 U.S. Dist. LEXIS 45302, at *1 (D. Neb. May 30, 2008) (unpublished) (citing 18 U.S.C. § 924(a)(2)).

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484. And, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on June 18, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record